# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.:

Jianbo Li individually and on behalf all other employees similarly situated,

Plaintiff,

- against -

Tropical Chinese Restaurant Corp., d/b/a/ Tropical Chinese, Wen Sho Yu, Lee Chu Yu, Gregory T. Yu, and Yu Mei,

Defendants.

COLLECTIVE AND CLASS ACTION COMPLAINT

Jury Trial Demanded

Plaintiff Jianbo Li (hereinafter "Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act"), 29 U.S.C. § 217, to have defendants, Tropical Chinese Restaurant Corp., d/b/a/ Tropical Chinese, Wen Sho Yu, Lee Chu Yu, Gregory T. Yu, and Mei Yu (hereinafter "Defendants") restrained from withholding unpaid overtime compensation due as the result of violations of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime compensation, together with an equal amount as liquidated damages.

## INTRODUCTION

1.     Defendants own a restaurant in Miami Florida, violating the Fair Labor Standards act ("FLSA) by forcing its employees to work a substantial amount of overtime without properly

paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.     Plaintiff Jianbo Li worked for Defendant as a kitchen helper at Tropical Chinese located at 7991 SW 40 Street Miami, Florida and was damaged by their illegal policy and/or practices. Plaintiff was denied the compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all others similarly situated current or former, non-exempt Tropical Chinese restaurant workers, including but not limited to kitchen employees like kitchen helper, cooks and dishwashers, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of all other similarly situated individuals.

3.     The class of similarly situated employees consists of all current and former non-exempt restaurant workers, including cooks and dishwashers who were employed by Defendant during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

## JURISDICTION AND VENUE

4.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 et seq.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the Defendants reside in and/or do business within this District. In additional, a substantial part of the events and omissions giving rise to the claims pleased in this Complaint occurred within this District.

## PLAINTIFF

6.     Plaintiff Jianbo Li worked as restaurant workers for Defendants at their restaurant located at 7991 SW 40th Street Miami, Florida. He worked primarily as a kitchen helper from on

or around May 21, 2015 to on or around May 9, 2017. His was responsible for doing tasks such as chop vegetables, prepare and put together the ingredients for different dishes and help prepare different types of sauces.  Plaintiff regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff  Jianbo Li's consent to sue is attached as Exhibit A.

## CORPORATE DEFENDANT

7.      Upon information and belief, Defendant, at all times hereinafter mentioned, has been a Domestic for Profit Company with a principal place of business at 7991 SW 40th Street Miami, FL 33155. That is engaged in commerce in the United States and is otherwise subject to the FLSA.

8.      Defendants engaged in related activities performed either through unified operations or common control for a common business purpose, constitutes an enterprise within the meaning of Defendant employed Plaintiff within the meaning § 3(r) of the Act, 29 U.S.C. § 203(r); and;

9.      Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done $500,000 constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C § 203(s)(1)(A).

10.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese.

## INDIVIDUAL DEFENDANT

11.     Upon information and belief, Defendant Wen Sho Yu is the owner, officer, director and/or managing agent of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese at 7991 SW 40th Street Miami, FL 33155 and participated in the day-to-day operations of Tropical Chinese, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese.

12.     Upon information and belief, Defendant Wen Sho Yu owns the stock of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

13.     Upon information and belief, Defendant Lee Chu Yu is the owner, officer, director and/or managing agent of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese at 7991 SW 40th Street Miami, FL 33155 and participated in the day-to-day operations of Tropical Chinese, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese.

14.     Upon information and belief, Defendant Lee Chu Yu owns the stock of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

15.     Upon information and belief, Defendant Gregory T. Yu is the owner, officer, director and/or managing agent of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese at

7991 SW 40th Street Miami, FL 33155 and participated in the day-to-day operations of Tropical Chinese, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese.

16.     Upon information and belief, Defendant Gregory T. Yu owns the stock of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

17.     Upon information and belief, Defendant Mei Yu is the owner, officer, director and/or managing agent of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese at 7991 SW 40th Street Miami, FL 33155 and participated in the day-to-day operations of Tropical Chinese, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese.

18.     Upon information and belief, Defendant Mei Yu owns the stock of Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

## STATEMENT OF FACTS

19.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.     Defendants knew that the nonpayment of overtime pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

21.     Plaintiff worked for Defendants as a kitchen helper in Defendants' restaurant from approximately May 2015 until May 2017.

22.     Plaintiff's job consisted of cutting vegetables and boiling sauces. During his employment, Plaintiff normally worked six (6) days per week with Tuesdays off.

23.     On Mondays, Wednesdays and Thursdays, Plaintiff worked approximately from 11:15am till 10:30pm.

24.     On Fridays and Saturdays, Plaintiff worked approximately from 11:30am till 11pm.

25.     On Sundays, Plaintiff worked approximately from 12pm till 10 pm.

26.     Defendants offered Plaintiff lunch onsite at Defendants' restaurant during work days.  Plaintiff had thirty minutes (30) of uninterrupted lunch break during the weekdays while working at the Defendants' restaurant from approximately 3pm till 3:30pm.

27.     During the weekends, Plaintiff did not have any uninterrupted lunch breaks and had to work during this time.

28.     Defendants offered Plaintiff dinner onsite at the Defendants' restaurant during work days.  Plaintiff had thirty minutes (30) of uninterrupted evening meal break during the weekdays while working at the Defendants' restaurant from 9pm till 9:30pm.

29.     During the weekends, Plaintiff did not have any uninterrupted evening meal breaks and had to work during this time.  Therefore, the Plaintiff was provided uninterrupted meal time of one hour per day during the weekdays only.

30.     The Plaintiff worked approximately sixty-two hours and forty-five minutes per week.

31.     The Defendants provided housing to the Plaintiff.

32.     From May 21, 2015 till August 2015 the Plaintiff was paid a fixed monthly wage of $2,300.

33.     From September 2015 till October 2015 the Defendants paid the Plaintiff a fixed monthly wage of $2,400.

34.     From November 2015 till October 2016 the Defendants paid the Plaintiff a fixed monthly wage of $2,500.

35.     Finally, from November 2016 till the end of Plaintiff's employment on May 17, 2017, the Plaintiff was paid a fixed monthly wage of $2,600.

36.     The Defendants deducted $50 per month from the Plaintiff's monthly wage for providing the Plaintiff lodging.

37.     Defendants paid Plaintiff straight-time only (no overtime) for all hours worked in excess of 40 hours per work, regardless of the number of hours suffered or permitted to work. As a result, Defendants failed to pay overtime compensation, as required by the FLSA.

38.     The FLSA requires Defendant to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours in a week. Defendant should have paid Plaintiff for 40 hours of regular pay and at least 48 hours or more of overtime in a typical workweek, but Defendants failed to pay Plaintiffs that amount.

39.     By failing to pay Plaintiff as described above, Defendant has deprived Plaintiff of a significant amount of overtime compensation to which he is rightfully entitled.

40.     The FLSA and Department of Labor regulations set forth the proper means for calculating and paying overtime compensation to non-exempt employees like Plaintiff. Defendant failed to follow these rules when paying Plaintiff.

41.     Defendant had a policy and/or practice of paying its employees for only a portion of the regular time and overtime they worked at the proper rate, instead of paying them the regular rate for all hours actually worked and time and one-half for all overtime hours worked in a given week.

42.     Defendant knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff is aware that Defendant's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by Defendant as restaurant workers, including cooks and dishwashers, where they prepare and cook the food, as well as maintain the restaurant. The Members of the Class perform job duties similar to Plaintiff, as described above.

44.     As with Plaintiff, Members of the Class frequently worked twelve hour work days with no breaks. Thus, upon information and belief, Members of the Class frequently worked approximately 48 hours or more per week.

45.     As with Plaintiff, Members of the Class are paid monthly. Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

46.     Defendant's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.

Specifically, upon information and belief, it is a policy and/or practice at Defendant to pay its employees for less than all of the overtime hours a restaurant worker is suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation for precisely the same reasons as Plaintiff.

47.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly restaurant workers, including but not limited to kitchen helpers, cooks and dishwashers, who were employed by Defendant during the three-year period preceding the filing of this complaint.**

48.     Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

49.     Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings his claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at Tropical Chinese Restaurant Corp. on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class Period").

51.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

52.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

53.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

54.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

55.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56. Upon information and belief, defendants and other employers throughout the state violate the Florida Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

57.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the Florida law;

b. Whether Plaintiffs and Class members are entitled to overtime under the Florida Labor Law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff ;

d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

58.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

### COUNT II
**[Violation of the Fair Labor Standards Act—Failure to Keep Records]**

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     Defendant failed to maintain and preserve accurate and adequate records containing the actual hours each employee works each workday and total hours each employee works each workweek.

62.     Defendant's failure to maintain and preserve accurate and adequate records constitutes a violation of 29 U.S.C. § 211(c).

**COUNT III**
**[Unjust Enrichment]**

63.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.     Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

65.     Defendants has knowledge of the services performed and provided by Plaintiff.

66.     Defendants voluntarily accepted the services performed and provided by Plaintiff.

67.     Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

68.     Plaintiff seeks damages for the value of the work performed to Defendants.

**COUNT IV**
**[Quantum Meruit]**

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.     Plaintiff has conferred a benefit upon Defendants for services performed and

provided to Defendants.

71.     Defendants has knowledge of the services performed and provided by Plaintiff and the benefit provided by Plaintiff.

72.     Defendants accepted Plaintiff's services to Defendants.

73.     Defendants retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

74.     Plaintiff seeks damages under quantum meruit that are the reasonable value of services rendered to, provided to, and performed for Defendant.

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective members, respectfully request that this court enter a judgment providing the following relief:

a)  Authorizing Plaintiff at the earliest possible time to give notice of this collective action and class, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to

represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and Florida Law;

e)  An injunction against Tropical Chinese Restaurant Corp. d/b/a/ Tropical Chinese its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid overtime wages due under FLSA and Florida Law, plus compensatory and liquidated damages pursuant to 29 U.S.C. § 216(b);

g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

h)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

i)  A judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable court;

j)  A judgment under quantum meruit for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

k)  The cost and disbursements of this action;

l)  An award of prejudgment and post-judgment fees; and

m)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully Submitted,

Dated this 6th day of June, 2018.

**FEINSTEIN & MENDEZ, P.A**.

BY: /S/ *MARTHA L. MENDEZ*_____
MARTHA L. MENDEZ, ESQ.
FLA. BAR NO.: 126162
BRETT FEINSTEIN, ESQ.
FLA. BAR NO.: 953120
14 N.E. 1ST AVENUE, SUITE 1109
MIAMI, FLORIDA  33132
TEL: (786) 636-8938
FAX: (786) 636-8941
EMAIL: MARTHA@FPMLAWFIRM.COM
EMAIL: BRETT@FPMLAWFIRM.COM

**HANG & ASSOCIATES, PLLC.**

/S/ *JIAN HANG*_____
Jian Hang, Esq. *(to be admitted pro hac vice)*
Keli Liu, Esq. *(to be admitted pro hac vice)*
136-18 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT A

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Tropical Chinese Restaurant Corp., Wen Sho Yu, "John" Yu, "Jane" Yu and/or related individuals and entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Jian Bo Li*

Full Legal Name (Print)

*Jian Bo Li*

Signature

_____

Date