UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-22459-UNGARO/O'SULLIVAN

JIANBO LI,

    Plaintiff,
vs.

TROPICAL CHINESE RESTAURANT CORP.,
d/b/a TROPICAL CHINESE, WEN SHO YU,
LEE CHU YU, GREGORY T. YU, and YU MEI,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS
## COUNTS II, III AND IV OF PLAINTIFF'S COMPLAINT

Defendants, pursuant Rule 12(b)(6), Federal Rules of Civil Procedure, hereby moves to dismiss Counts II, III and IV of Plaintiff's Complaint. In each instance, Plaintiff failed to plead a facially plausible cause of action.

### I.  INTRODUCTION

Plaintiff's Complaint asserts claims for: (1) violation of the Fair Labor Standards Act's ("FLSA") overtime requirements; (2) violation of the FLSA's record keeping requirements; (3) unjust enrichment; and (4) quantum meriut. The FLSA does not allow a private action for failure to maintain records; therefore, Count II must be dismissed. Plaintiff's state law claims for unjust enrichment and quantum meruit in Counts III and IV are entirely duplicative of, and preempted by, the FLSA in that they all rely on establishing that Plaintiff worked over forty hours in a single work week, and was not properly compensated at the appropriate overtime rate effectively imposed by the FLSA. Accordingly, dismissal of these claims is proper. Furthermore, such equitable claims are regularly dismissed where, as here,

adequate statutory remedies exist, namely, under the FLSA. Moreover, because Plaintiff does not identify the Florida state laws (by name, number, or even reference) allegedly violated, Plaintiff fails to state a plausible claim.

## II. LEGAL ARGUMENT

### A. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiffs have an obligation to provide the grounds of their entitlement to relief with more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964, 550 U.S. 544, 570 (2007). When a complaint falls short of this standard because it relies on formulaic recitations and unsupported conclusions, a Court should dismiss the deficient claims for their failure to provide an adequate basis for the possibility of granting relief. *See* Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff's Record-Keeping Allegations Fail to State a Claim Upon Which Relief may be Granted and are thus Immaterial to the Complaint

In Count II of the Complaint, Plaintiff alleges that Defendants violated the FLSA by failing to maintain and preserve accurate records containing the actual hours each employee

works each workday and the total hours each employee works each workweek. *See* Complaint ¶ 61 and 62.  Regardless of whether Defendants maintain records in compliance with the FLSA, the law is clear: there is no private right of action to enforce the record-keeping provisions of the FLSA. *Elwell v. University Hospitals Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("Under 29 U.S.C. § 216(b), an employee may bring a private action against an employer for unpaid overtime or minimum wages. This provision does not authorize employee suits for violation of the FLSA's recordkeeping requirements. Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor."); *Cunningham v. Electronic Data Sys. Corp.*, 579 F.Supp.2d 538, 542 (S.D.N.Y. 2008) ("While Plaintiffs allege in the Amended Complaint that Defendant has failed to keep adequate records in violation of the FLSA, including 29 U.S.C. §§ 211(c) and 215(a), it is not entirely clear that Plaintiff seeks any recovery based on this allegation. In any case, Defendant is correct that there is no private right of action to enforce these provisions. Therefore, to the extent Plaintiffs' Complaint purports to assert a claim under the FLSA's record-keeping provisions, Defendant's motion to dismiss this claim is granted"); *Rossi v. Associated Limousine Servs., Inc.*, 438 F.Supp.2d 1354, 1366 (S.D. Fla. 2006) (Section 216(b) "does not allow employees to bring actions, either for civil penalties, damages, or injunctive relief, for violations of the FLSA's record-keeping provisions."); *East v. Bullock's Inc.*, 34 F.Supp.2d 1176, 1183 (D. Ariz. 1998) (no private right of action for recordkeeping violations under the FLSA). Section 216(b) of the FLSA only provides that an employer is liable to an employee "in the amount of their unpaid wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The statute is silent about a private right of action for violations of the FLSA's record-keeping provisions, and Courts have refused to read such a right into the statute. *See id.*

*See also Transamerica Mortgage Advisors, Inc. v. Lewis*, 44 U.S. 11, 19-20 (1979) ("where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode."). To the extent Plaintiff's Complaint purports to assert a claim under the FLSA's record-keeping provisions, all such allegations should be dismissed/stricken as a matter of law. *See id.*

### C. Plaintiff's Claims for Unjust Enrichment and Quantum Meruit must be Dismissed.

#### i. Plaintiff's Claims for Quantum Meruit and Unjust Enrichment are Duplicative of Plaintiff's FLSA Claim and Preempted by the FLSA.

Plaintiff's "Statement of Facts" sets forth the focal points of his Complaint: (1) he worked over 40 hours per week; and (2) Defendants allegedly did not pay Plaintiff at the proper overtime rate for all hours worked in excess of 40 per week. *See* Complaint at ¶¶ 30 and 37 through 42. In Count I of the Complaint, seeking relief under the FLSA, Similarly, in Counts III and IV, Plaintiff alleges he is seeking relief under equitable theories of recovery, because Defendants did not properly pay Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida. *Id.* at ¶¶ 67 and 73.

In *Blue v. Garda CL Southeast,* 2014 WL 3501546 (S.D. Fla. 2014), Judge Federico Moreno dismissed the exact same equitable causes of action ruling that those causes of action were preempted by the FLSA. This case is no different.

Expressing the claims against Defendants in terms of quantum meruit or unjust enrichment, does nothing to make the state law claims any different than the FLSA claim brought in Count I of Plaintiff's Complaint. Both the FLSA and the "state law" claims depend on the establishment of the same facts: Plaintiff is entitled to overtime under the FLSA, Plaintiff

worked over 40 hours per week, and Defendants failed to properly pay Plaintiff for all hours worked.

The *only* difference is the way Plaintiff classified these claims. The FLSA, however, precludes such an effort to end-run its claims and procedures. Indeed, numerous courts have dismissed such duplicative state law common law claims where they rely on proof of the same facts. As Judge Moreno stated in *Bule at \*4:* "These claims are duplicative and preempted by the FLSA, which provides an adequate remedy at law for the Plaintiff. Moreover, these Counts of Plaintiff's Complaint fail to suitably put Defendant on notice as to the laws it allegedly violated." *See also, Bouthner v. Cleveland Constr. Inc.*, 2011 WL 2976868, at *7 (D. Md. July 21, 2011); *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) (the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"); *Morgan v. Speak Easy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007) (dismissing plaintiff's state common law claim as preempted by the FLSA, stating that "[plaintiff's] claim for unjust enrichment is directly covered by the FLSA"); *Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) (holding the FLSA preempted negligence claims because they were "founded upon the same facts as and therefore are duplicative of the FLSA claims") (internal quotation marks omitted); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (granting summary judgment dismissing plaintiffs' common law fraud claims, where plaintiffs were "merely attempting to recast what are clearly FLSA overtime claims in hopes that they might recover damages for mental anguish and punitive damages that would otherwise be available under the FLSA").

### ii. The FLSA Provides an Adequate Remedy for Plaintiff's Claims of Unjust Enrichment and Quantum Meruit.

Claims for quantum meruit and unjust enrichment, like those asserted by Plaintiff in his Complaint, are all synonymous: they are all claims in equity designed to provide a remedy where one party was unjustly enriched. *See Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1313-14 (S.D. Fla. 2006) (finding quantum meruit, a claim adopted to provide remedy where one party received a benefit under circumstances making it unjust to retain it without giving compensation, is synonymous with a claim for a contract implied in law) (internal citations omitted); *see also Wachovia Ins. Servs., Inc. v. Fallon*, 682 S.E.2d 657, 665 (Ga. App. 2009) (holding unjust enrichment is an equitable remedy that "applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for"). An "implied in law" agreement is not an actual contract, but is a legal substitute for a contract formed to impose equity between two parties. The concept of a quasi-contract is that of a contract that *should* have been formed, even though in actuality it was not. *Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co.*, 695 So. 2d 383, 385-86 (Fla. 4th DCA 1997) (internal citations omitted). An "implied in law" agreement is not literally an implied agreement to comply with unidentified laws of the State of Florida, as Plaintiff suggests. Instead, "implied in law" agreements are used when a court finds it appropriate to create an obligation upon a non-contracting party to avoid injustice and to ensure fairness and is invoked in circumstances of unjust enrichment and is connected with the concept of restitution. *See Equity Contr. Co.*, 695 So. 2d at 385-86.

Because they are all based in equitable theory only, recovery under Plaintiff's claims for quantum meruit and unjust enrichment "is only available where there is no adequate remedy

at law." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-19 (11th Cir. 1994) (*citing Mayor of Wadley v. Hall*, 261 Ga. 681, 410 S.E.2d 105, 106 (1991) and *Stewart v. Walton*, 254 Ga. 81, 326 S.E.2d 738, 739 (1985)). Courts have addressed the concept of "adequate remedy at law" in a variety of contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist. *See H2Ocean, Inc.*, 2006 WL 1835974 at *8-9 ("Unjust enrichment is an equitable remedy under Florida law, and thus, to state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists. Plaintiff's complaint does not do this. Count V must, therefore, be dismissed.") (internal citation omitted); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511 (S.D. Fla. 1996) (dismissing unjust enrichment claim because "[p]laintiffs fail to allege that an adequate remedy at law does not exist"); *Housing Auth. v. MMT Enters.*, 267 Ga. 129, 475 S.E.2d 642 (1996) (contractor had adequate remedy at law where it could obtain money damages for alleged breach of contract); *Peery v. CSB Behavioral Health Sys.*, 2008 WL4425364 (S.D. Ga. Sept. 30, 2008) (adequate remedy at law exists where plaintiff could seek recovery for money the defendant promised to pay under a breach of contract claim); *Glynn Cnty. Bd. of Tax Assessors v. Haller*, 273 Ga. 649, 543 S.E.2d 699 (Ga. 2001) (trial court erred in granting equitable relief because the plaintiffs have an adequate remedy at law under Georgia law).

In the instant action, the FLSA itself provides an adequate remedy through which Plaintiff may pursue any claims he has for unpaid overtime during his employment with Defendants. Because that adequate remedy not only exists, but has been specifically pled as a basis for this action in Plaintiff's Complaint, Plaintiff's claims for quantum meruit and unjust enrichment should be dismissed with prejudice. *See Bule at *4.*

### iii. Counts III and IV of Plaintiff's Complaint Fail to Establish that Plaintiff is Entitled to Relief on his Claims Under the "Laws Of The…State of Florida."

Counts III and IV attempt to set forth common law equitable claims. Notwithstanding, Plaintiff alleges in each of these counts alleged violations of the "laws of…the State of Florida" without citing the referenced law, rule, or regulation. If Plaintiff is predicating these causes of action on a statutory scheme, these claims should be dismissed because Plaintiff has failed to meet the pleading standards to sufficiently put Defendants on notice as to the laws it has allegedly violated. *See, e.g.*, *Bule; Gonzales v. DHI Mortg. Co., Ltd.*, 2009 WL 4723362, at \*9 (N.D. Cal. Dec. 4, 2009) (dismissing one of plaintiff's claims for his failure "to identify a specific statute that [the defendant] violated"; it was not enough that plaintiff alleged the violation of "various statutes" involving the defendant's business because "such pleading does not give [defendant] fair notice of the claim and the grounds upon which it rests"). In the same way, merely claiming laws or regulations have been violated, without identifying them, is not sufficient to withstand a motion to dismiss. *See Bule at \*4.*

Just as the complaint in *Bule*, Plaintiff's Complaint here fails to identify the "laws of…the State of Florida" under which he seeks relief for quantum meruit and unjust enrichment claims. The only reference in Plaintiff's Complaint to any specific statutes or laws concern alleged violations of the FLSA, which Plaintiff maintains form the grounds for this action. Therefore, besides being duplicative and preempted by the FLSA, dismissal of Counts III and IV of Plaintiff's Complaint is warranted by his failure to meet the minimum pleading requirements to give Defendants fair and proper notice of the claims brought against it.

### III.  CONCLUSION

Plaintiff's claims for breach of quantum meruit and unjust enrichment must be dismissed with prejudice because his claims are entirely duplicative and preempted by the FLSA, an adequate remedy at law exists under the FLSA, and the allegations in Plaintiff's Complaint fail to suitably put Defendants on notice as to the laws it allegedly violated other than the FLSA. His claim for failure to maintain proper records must also be dismissed because the law does not permit a private cause of action for such failure.

WHEREFORE, Defendants respectfully requests this honorable Court enter an Order granting Defendant's Motion to Dismiss Counts II, III and IV of Plaintiff's Complaint against them with prejudice, in addition to any further relief deemed just and proper.

### CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

LAW OFFICE OF DAVID CHONIN, P.A.
5775 Blue Lagoon Drive, Suite 300
Miami, Florida 33126
Phone: (305) 444-3000
Fax:    (305) 448-7788

By: _s/David Chonin_
      David Chonin
      Fla. Bar No. 66664

**SERVICE LIST**

**United States District Court, Southern District of Florida**
**Jianbo Li  v.  Tropical Chinese, et al.**
**Case No. 18-22459-UU**

Martha Mendez, Esquire
martha@fpmlawfirm.com
Brett Feinstein, Esquire
brett@fpmlawfirm.com
Feinstein &Mendez, P.A.
14 N.E. 1st Avenue, Suite 1109
Miami, FL 33132
Telephone: (786) 636-8938
Facsimile:  (786) 636-8941
*Via CM/ECF*