UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22459-UU

JIANBO LI,

    Plaintiff,
v.

TROPICAL CHINESE RESTAURANT CORP., *et al*,.

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Counts II, III and IV of Plaintiff's Complaint. (the "Motion"). D.E .14.

The Court has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. On July 16, 2018, Defendant filed its Motion to Dismiss Plaintiff's Counts II, III and IV of Plaintiff's Complaint, such that Plaintiff's response was due on July 30, 2018. D.E. 14. In the Motion, Defendant argues that Count Two (violation of the record keeping requirements of the Fair Labor Standards Act (the "FLSA")), Count Three (unjust enrichment), and Count Four (*quantum meruit*) fail to state a claim and must be dismissed.

Specifically, Defendant alleges that Count Two must be dismissed because the FLSA does not allow a private action for failure to maintain records. D.E. 14; *Rossi v. Associated Limousine Servs., Inc*., 438 F.Supp.2d 1354, 1366 (S.D. Fla. 2006) (Finding that Section 216(b) "does not allow employees to bring actions, either for civil penalties, damages, or injunctive relief, for violations of the FLSA's record-keeping provisions."). Defendant argues that Counts Three and Four must be dismissed because they are duplicative of Plaintiff's FLSA claim and are preempted by the FLSA. D.E. 14 at 4. *Bule v. Garda CL Se., Inc.,* No. 14-21898-

CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (Finding plaintiff's *quantum meruit* and unjust enrichment claims duplicative of Plaintiff's FLSA claims); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("Courts have consistently held the above statute [29 U.S.C. § 216(b)] is the exclusive remedy for enforcing rights created under the FLSA . . . As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim.").As of August 1, 2018, Plaintiff has not responded to Defendant's Motion to Dismiss. The Court has reviewed the motion and Defendant's arguments and finds that the motion to dismiss should be granted on the merits. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Counts II, III and IV of Plaintiff's Complaint, D.E. 14, is GRANTED and, therefore, these counts of the Complaint are DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this _2d_ day of August, 2018.

*[signature: Ursula Ungaro]*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record

URSULA UNGARO
UNITED STATES DISTRICT JUDGE