UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:18-22459-CIV-UNGARO

Jianbo Li individually and on behalf all other employees similarly situated,

  Plaintiff,

v.

Tropical Chinese Restaurant Corp., d/b/a/ Tropical Chinese, Wen Sho Yu, Lee Chu Yu, Gregory T. Yu, and Yu Mei,

                        Defendants.
_____

## JOINT MOTION FOR JUDICIAL APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE OF THIS ACTION

Plaintiff and Defendants file their Settlement Agreement and Full Release, and respectfully request that the Court approve the parties' agreement and dismiss with prejudice this action. In support of this Motion, the parties' state as follows:

1. Attached as **Exhibit "A"** is the parties' Settlement Agreement and Full Release in this matter, which has been properly executed by the parties.

2. This agreement was reached through arms-length negotiation in which Plaintiff was represented by counsel at all times. The agreement was reached knowingly and voluntarily and that there was no undue influence, overreaching, collusion, or intimidation.

3. Given that the parties have reached a fair and reasonable resolution of a bona fide dispute over FLSA provisions as evidenced by the attached agreement, the parties respectfully request that the Court approve the agreement and dismiss with prejudice, all claims and causes of action asserted by Plaintiff.

WHEREFORE, the parties respectfully request that this Court grant this Motion and dismiss the claims of Plaintiff with prejudice.

Dated this 2nd day of November, 2018.

[THIS AREA INTENTIONALLY LEFT BLANK]

Respectfully Submitted,

**FEINSTEIN & MENDEZ, P.A.**

BY: /S/ *MARTHA L. MENDEZ*
MARTHA L. MENDEZ, ESQ.
FLA. BAR NO.: 126162
BRETT FEINSTEIN, ESQ.
FLA. BAR NO.: 953120
14 N.E. 1ST AVENUE, SUITE 1109
MIAMI, FLORIDA  33132
TEL: (786) 636-8938
FAX: (786) 636-8941
EMAIL: MARTHA@FPMLAWFIRM.COM
EMAIL: BRETT@FPMLAWFIRM.COM

**LAW OFFICE OF DAVID CHONIN, P.A.**
Counsel for Defendants
5775 Blue Lagoon Drive, Suite 300
Miami, Florida 33126
Phone: (305) 444-3000
Fax: (305) 448-7788

By: /s/ *David Chonin*
David Chonin
david@choninlaw.com
FLA. BAR NO.: 066664

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND FULL AND FINAL GENERAL RELEASE

IN CONSIDERATION of the agreements set forth below, and in order to avoid further time, expense and effort associated with any and all litigation or other proceedings between Plaintiff, Jianbo Li (the "Employee" or "Plaintiff"), and Defendants, Tropical Chinese Restaurant Corp. d/b/a Tropical Chinese Restaurant, Wen Shi Yu, Lee Chu Yu, Gregory T. Yu and Yu Mei (the "Employer" or "Defendant"), on its own behalf and on behalf of Employer's past and present parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, representatives, officers, directors, agents and employees, (together, the "Parties"), the Parties enter into this Confidential Settlement Agreement and Full and Final General Release (the "Agreement") and agree as follows:

1. <u>Intent of the Parties</u>. The Employee filed the case of Jianbo Li. vs. Tropical Chinese Restaurant Corp., et al. in the Southern District of Florida, Case Number 18-cv-22459-MGC under the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq.</u>, (the "Action"). The Parties desire fully and finally to resolve this Action and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Employee against the Employer relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

2. <u>Employee Waiver and Release of Claims</u>. The Employee, on behalf of himself and his descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges Employer, its past and present parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, representatives, officers, directors, attorneys, agents and employees from any and all claims and rights of any kind that the Employee may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, those arising out of or in any way connected with the Employee's employment relationship with the Employer as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under the:



EXHIBIT A

(a) Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (which sets minimum wage rates, establishes overtime requirements, contains record keeping provisions, and imposes child labor standards and penalties);

(b) Age Discrimination in Employment Act of 1967 (ADEA), 29 US C. § 621 *et seq.* (which statute generally prohibits age discrimination in employment);

(c) Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.*, including the Combined Omnibus Budget Reconciliation Act amendments to ERISA, 29 U.S.C. §1161-1168, ("COBRA") (which statute was enacted to, among other things, help protect an employee's interest in his/her pension benefits);

(d) Americans with Disabilities Act (ADA), 42 U.S,C, § 12101 *et seq.* (which statute generally prohibits disability discrimination);

(e) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (which statute generally prohibits discrimination in employment based on race, color, religion, national origin or sex);

(f) National Labor Relations Act (NLRA), 29 U S.C § 151 *et seq.* (which statute protects certain concerted activity as well as the rights of employees to organize and bargain collectively through representatives with their employer);

(g) Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* (which statute requires certain disclosures and consent by an individual before a consumer reporting agency may communicate information about the individual to an employer);

(h) Equal Pay Act (EPA), 29 U S.C, § 206 (which statute generally prohibits unequal pay for equal work between men and women);

(i) Older Workers Benefit Protection Act (OWBPA), 29 U SC. § 621 *et seq.* (which statute was enacted to, among other things, ensure that individuals over the age of forty who waive their rights under the ADEA do so knowingly and voluntarily);

(j) 42 U S C § 1981 (which statute generally prohibits race discrimination);

(k) Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. § 651 *et seq.* (which statute is designed to ensure a safe and healthful work environment);

(l) Worker Adjustment and Retraining Notification Act (WARN), 29 U.S.C. § 2101 *et seq.* (which statute requires advance notice to employees before their business establishment is closed)

(m) Sarbanes - Oxley Act of 2002 (which statute prohibits, among other things, discrimination against whistle blowing in publicly traded companies).

(n) The Constitutions of the United States and the State of Florida;

    (o)    Any other federal, state, or local civil or human rights law, regulation, or ordinance, including but not limited to the Florida Civil Rights Act of 1992, , and the Miami-Dade County Code (Chapter 11A) (all dealing with employment discrimination);

    (p)    Any and all claims/actions which have been or could have been raised under Florida's Workers' Compensation statute (Florida Statute § 440.205);

    (q)    Florida's "Whistleblower" law (Florida Statute § 448.102) (which statute is designed to protect against retaliation in any personnel action for disclosing or threatening to disclose any activity, policy, or practice of the Employer which is allegedly in violation of any law, rule, or regulation; or for providing information or testifying about such activity, policy, or practice; or for objecting to or refusing to participate in such activity, policy, or practice); and

    (r)    Any claims of violation of public policy, unpaid wages including Florida Statute Section 448.08, breach of contract, negligent or intentional infliction of emotional distress, defamation, assault, battery, false imprisonment, wrongful termination, or any other claim of any type, whether based on common law, statute, or otherwise.

<u>Employer's Release of Employee</u>:

Employer fully, finally and forever releases and discharges Employee from any and all claims, demands, liabilities and causes of action of any kind or nature, whether known or unknown, suspected or unsuspected, which Employer now owns or holds, or has owned or held against Employee, including, but not limited to, any and all claims, demands, liabilities or causes of action which arise out of, or are in any way connected with Employee's employment with, or separation of his employment with Employer, or which arise out of or are connected with any loss, damage or injury whatsoever to Employee resulting from any act or omission by Employee committed prior to the date of this Agreement.

    3.    <u>Voluntary Waiver</u>. Employee acknowledges that he is *voluntarily* waiving any rights and claims he may have against the Employer in exchange for the payment made by Employer as stated in paragraph 4 below.

    4.    <u>Payment to Employee</u>. In consideration for the promises made herein and in full and final settlement and in satisfaction of any and all claims Employee has or had against Employer, Employer shall pay the <u>total</u> sum of Twenty One Thousand Dollars and no cents ($21,000.00) (the "Settlement Proceeds"). Payment of the Settlement Proceeds is in full settlement of any and all claims and monies Employee claims to be entitled to from Employer, including but not limited to, claims for unpaid overtime, minimum wage, back pay, front pay, compensation of any kind, liquidated and compensatory damages, punitive damages, and/or attorneys' fees and costs. The Parties agree that payment of the Settlement Proceeds will be paid in four monthly

3

installments. The first payment of $6,000.00 shall be due within ten (10) days from the Court entering an order approving the settlement and dismissing the case with prejudice. The remaining three payments will be in the amount of $5,000.00 each and shall be due thirty, sixty and ninety days after the due date of the first payment.

  i. The breakdown of the Settlement Proceeds shall be: $8,273.33 that includes $1,910 as costs and $6,363.33 as attorney fees to HANG & ASSOCIATES, PLLC; $12,726.67 to Jian Bo Li. The Settlement Funds shall be paid as follows:

    a) The first payment of $6,000.00 shall be due within ten (10) days from the Court entering an order approving the settlement and dismissing the case with prejudice. Defendants shall issue two checks: one in the amount of $3,521.33, payable to HANG & ASSOCIATES, PLLC, represents $1,910 for costs and $1,611.33 for attorney's fees, the other one in the amount of $2,478.67, payable to the Employee Jian Bo Li.

    b) The remaining $15,000 shall be paid in three equal monthly installments with each in the amount of $5,000.00. Each monthly installment shall be due thirty, sixty and ninety days after the due date of the first payment. **For each monthly payment,** Defendants shall issue two checks: one in the amount of $1,969.84, payable to HANG & ASSOCIATES, PLLC, represents attorney fees the other one in the amount of $3,030.16 to the Employee Jian Bo Li.

5. <u>Default and Cure</u>. In the event the Employers' payments, as set forth in Paragraph 4, is not received within three (3) business days of the due date, Plaintiffs' counsel shall, provide written notice to Defendants' attorneys by email at <u>david@choninlaw</u>, regarding any missed installment payment. Defendants shall have three (3) business day from receipt of

4

such written notice to remedy their default. Notice shall be deemed received by Defendants on the date written notice is emailed to Defendants' Counsel.

        (i)    **Failure to Cure After Written Notice**: If Defendants do not remedy their default within three(3) business days of their receipt of such written notice, Plaintiff shall be entitled to apply for a default judgment before the Southern District of Florida against any and all Defendants without further notice for the accelerated amount of $21,000.00, which sum represents the full amount of the settlement herein, minus any payments made by Defendants until the date of default. Furthermore, in the event of default, Plaintiff will be entitled to seek reasonable attorney's fees, costs, and costs of collection.

6.    Payment of Applicable Taxes. Employee agrees that he shall be solely responsible for the payment of any federal, state and/or local income and/or employment taxes and any F.I.C.A. payments or other payments which may be required to be paid by the Employee on account of any portion of the Settlement Proceeds.

7.    Withdrawal of Claims. Employee represents and warrants that (other than the Action) he has not filed any claims or causes of action against EMPLOYER, including, but not limited to, any charges of discrimination against EMPLOYER, with any federal, state or local agency or court.

8.    Sufficiency of Consideration. Employee agrees that the Settlement Proceeds are made in exchange for, and constitute good and valuable consideration for, her execution of this Agreement against Employer. The Parties agree that Employer has offered Employee full relief and Employee has not disputed that representation. Employee agrees that he is forever estopped from challenging the validity of this Agreement and further agrees that in the event Employee asserts such a position, Employer is entitled to an affirmative defense of estoppel, waiver and accord and satisfaction.

9.    Non-Admission. Employee acknowledges and agrees that this Agreement does not constitute an admission by the Employer of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind by the Employer or its past and present parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, representatives, officers, directors, attorneys, agents and employees. Employer specifically denies the allegations in Employee's Complaint that it engaged in any wrongful, bad faith or willful conduct.

10. <u>Non-Disclosure/Confidentiality.</u> The Parties agree not to disclose the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that the Employee has, may have or may have had, that is subject to the release of claims contained in this Agreement, to anyone other than as follows: (a) the Employee may disclose such information to her spouse, immediate family members, attorney and/or tax and financial advisors; and (b) Employer may disclose such information, in its sole discretion, to its respective attorneys, tax and financial advisors, insurers, and administrative/Human Resource or other managerial or support personnel. Should the Employee disclose information about this Agreement to the Employee's spouse, immediate family members, attorney and/or tax and financial advisors, the Employee shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law. Employee acknowledges and agrees that any other disclosure regarding or discussing the terms of this Agreement would constitute a material breach of said Agreement. In the event that either party is compelled by legal subpoena or court order to provide information covered by this paragraph, the party agrees to immediately notify the other in writing via email to David Chonin, Esq., Law Office of David Chonin, P.A. at david@choninlaw.com on behalf of the Employer, and to Keli Liu at kliu@hanglaw.com. This Agreement shall not be used in any proceeding, except one to enforce this Agreement or as a defense by a Party to any charge, claim or action brought by another Party.

11. <u>Transfer of Claims</u>. The Employee represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claims released herein. The Employee agrees to indemnify and hold Employer harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Employee further warrants that there is nothing that would prohibit him from entering into this Agreement.

12. <u>No Future Employment.</u> The Employee agrees and recognizes that her employment relationship with the employer has been permanently and irrevocably severed, and that he is not suited for any position with the Employer because of irreconcilable differences. The Employee hereby understands and agrees that he will not be re-employed by the Employer in the future and

6

that he will never knowingly apply to the Employer, its respective subsidiaries, parents or divisions for any job or position in the future. The Employee agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with the Employer, its respective subsidiaries, or divisions, the offer may be withdrawn and the Employee may be terminated without notice, cause, or legal recourse. The failure of Employer or any other enumerated entity to offer Employee future employment shall not be deemed retaliatory in nature.

13. <u>Non-Disparagement</u>. The Parties agree that they will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of the other. In the event such a communication is made to anyone, including but not limited to the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this Agreement and the other party shall be entitled to all other remedies allowed in law or equity. The Employee also agrees that Employee will not encourage or incite other current or former Employees of Employer to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Employer. Employer agrees to provide neutral references of employment only in the event Employer shall be contacted by a perspective employer. Said references shall be limited to dates of employment, positions held, and rate of pay.

14. <u>Incitement of Claims.</u> The Employee also agrees that he will not encourage or incite any person including, but not limited to other current or former employees of the Employer to disparage, assert any complaint, claim or charge, to violate any of the provisions of the paragraph which apply to the Employee or to initiate any legal proceeding against the Employer. Employee acknowledges that any incitement of others to file such claims would constitute a material breach of this Agreement.

15. <u>Employee is Not Prevailing Party</u>. The Employee shall not be considered a prevailing party for the purposes of the underlying Action or otherwise.

16. <u>Breach</u>. The Parties acknowledge that if either materially breaches or threatens to materially breach this Agreement, and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the other shall be entitled to all other remedies allowed in law or equity.

17. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between the Employee and Employer with respect to the allegations raised in the Action as of the date this Agreement is executed, and supersedes all other agreements between the

7

Employee and Employer with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by all Parties.

18. <u>Severability.</u> If any provision of this Agreement is invalidated by a Court of competent jurisdiction or otherwise, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

19. <u>No Waiver/All Rights Are Cumulative.</u> No waiver of any breach or other rights under this Agreement shall be deemed a waiver unless the acknowledgment of the waiver is in writing executed by the party committing the waiver. No waiver shall be deemed to be a waiver of any subsequent breach or rights. All rights are cumulative under this Agreement. No person has any authority to make any representation or promise on behalf of any party that is not set forth in this Agreement.

20. <u>Parties' Acknowledgement.</u> The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital, and that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that they each assumes the risk for any mistake of fact now known or unknown and understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Parties also acknowledges that: (a) he or it has consulted with an attorney concerning this Agreement; and (b) he or it has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on that Party's own judgment and/or her or its attorney's advice. The Parties acknowledge that he or it has been given a reasonable time to consider the terms of this Agreement and that he or it is getting more consideration under this Agreement than he or it is otherwise entitled. Execution of Necessary Documents. Each of the Parties shall, upon the request of the other, and at the other's expense, re-execute, acknowledge and/or deliver this Agreement and any and all papers or documents or other instruments, as may be reasonably necessary to implement the terms hereof with any formalities as may be required and, otherwise, shall cooperate to fulfill the terms hereof and enable the other Parties to effectuate any of the provisions of this Agreement.

21. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

22. <u>Governing Law/Venue/Jurisdiction</u>. This Settlement Agreement and General Release and any and all matters arising directly or indirectly from this Agreement shall be governed by and construed in accordance with the laws of the State of Florida (except where the application of federal law applies), without giving effect to the choice of law principles of Florida that might otherwise require or permit the application of the laws of another jurisdiction. Each Party hereby irrevocably consents to the exclusive jurisdiction of the state or federal court sitting in Miami, Florida, USA, in any action or proceeding in any way arising out of or relating to this Agreement, and hereby irrevocably agrees that all claims and disputes in respect of such action or proceeding will be heard and determined only in such state court or, to the extent permitted by law, in such federal court.

23. <u>Construction.</u> The Parties expressly acknowledge that they have had equal opportunity to negotiate the terms of this Agreement and that this Agreement shall not be construed against the drafter.

24. <u>Attorneys' Fees.</u> In the event any action, in any form or proceeding, is brought to enforce, interpret and/or construe this Agreement, the prevailing party shall be entitled to recover its or his reasonable fees, costs, and expenses, including attorney's fees and paralegal fees on all levels.

25. <u>Counterpart.</u> This Agreement may be executed by email *pdf* attachment in several counterparts and all so executed shall constitute one Agreement, binding on all the Parties hereto, notwithstanding that the Parties are not signatories to the original or same counterpart.

26. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective personal representatives, heirs, successors and assigns.

27. <u>Assignments</u>. The Parties acknowledge and agree that no part of any claim herein released has been assigned as of the date of execution of this Agreement.

28. <u>Time is of the Essence.</u> Time is of the essence in this Agreement and it may not be waived except in a writing signed by the Parties and only in accordance with the terms of such writing.

29. <u>Waiver of right to jury trial and appeal.</u> The Parties waive: (1) the right to a trial by jury; and (2) the right to appeal any trial court decision, in any legal proceeding or lawsuit in

any way related to this Agreement, including but not limited to its creation, validity, interpretation, or enforcement.

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL GENERAL RELEASE
## SIGNATURE PAGE

Acknowledged and agreed to this __21__ day of __October__, 2018.

*Jian Bo Li*
_____
Jianbo Li

Acknowledged and agreed to this _____ day of _____, 2018.

_____
Tropical Chinese Restaurant Corp.
By: Gregory Yu
Its: President


_____        _____
Gregory Yu                          Wen Sho Yu


_____        _____
Lee Chu Yu                          Yu Mei

29. <u>Time is of the Essence.</u> Time is of the essence in this Agreement and it may not be waived except in a writing signed by the Parties and only in accordance with the terms of such writing.

30. <u>Waiver of right to jury trial and appeal.</u> The Parties waive: (1) the right to a trial by jury; and (2) the right to appeal any trial court decision, in any legal proceeding or lawsuit in any way related to this Agreement, including but not limited to its creation, validity, interpretation, or enforcement.

**SETTLEMENT AGREEMENT
AND FULL AND FINAL GENERAL RELEASE
SIGNATURE PAGE**

**Acknowledged and agreed to** this _____ day of _____, 2018.

_____
Jianbo Li

_____[signature]___ 10/23/2018
Tropical Chinese Restaurant Corp.
By: Gregory Yu
Its: President

_____[signature]___ 10/23/2018          _____[signature]_____
Gregory Yu                                 Wen Sho Yu

_____[signature]_____                    _____[signature]_____
Lee Chu Yu                                 Yu Mei