**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:18-cv-22459-UU

JIANBO LI,

    Plaintiff,

v.

TROPICAL CHINESE RESTAURANT CORP.,, *et al.*,

    Defendants.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Judicial Approval of the Parties' Settlement Agreement and Dismissal with Prejudice of this Action (the "Motion"). D.E. 38. The Court has considered the Motion and the pertinent portions of the record, the terms of the settlement agreement, and is otherwise fully advised in the premises.

FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provision." *Id.* at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that a counsel is compensated adequately

and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva v. Miller*, 307 F.App'x 349, 351 (11th Cir. 2009); *see McHone v. Donal P. Hoekstra Plumbing, Inc.*, 2010 WL 4625999, *1 (S.D. Fla. Nov. 4, 2010) (denying motion to approve FLSA settlement providing for $3,500 in fees and $1,000 in damages).

The Court finds that the division of fees – $12,726.67 for Plaintiff and $8,273.33 in attorney's fees and costs is reasonable and that the settlement is a fair and reasonable arm's-length agreement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352-53. However, the Court will not enforce the confidentiality and non-disparagement provisions. *See Ramnaraine v. Super Transportation of Fla., LLC,* No. 615CV710ORL22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted,* No. 615CV710ORL22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) ("Courts within this circuit routinely reject such confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they 'thwart Congress's intent to ensure widespread compliance with the FLSA.'") (quoting *Pariente v. CLC Resorts and Developments, Inc*., No. 6:14–cv–615–Orl–37TBS, 2014 WL 6389756, at *5 (M.D.Fla. Oct. 24, 2014)). This does not render the Agreement void per the severability provisions. D.E. 38 ¶ 18. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Parties' Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice, D.E. 38, is GRANTED. The Court will retain jurisdiction to enforce the settlement agreement until **February 2, 2018**. However, the Court will not enforce the confidentiality and non-disparagement provisions.

ORDERED AND ADJUDGED that all pending claims are DISMISSED WITH PREJUDICE. The case remains closed.

DONE AND ORDERED in Chambers at Miami, Florida, this _5th_ day of November, 2018.

*Ursula Ungaro*

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf